SQUIRE PATTON BOGGS (US) LLP
Nava Hazan
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
Telephone: (212) 872-9800
Facsimile: (212) 872-9815
Email: nava.hazan@squirepb.com

*Counsel for the Petitioner, Stuart Mackellar,
in his capacity as Liquidator and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| **MIDWAY UNITED LIMITED,** *et al.*,[1] | Case No. 16-_____ (___) |
| Debtors in a Foreign Proceeding. | (Joint Administration Pending) |

**DECLARATION OF STUART MACKELLAR IN SUPPORT OF CHAPTER 15
PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING
AND CHAPTER 15 RELIEF PURSUANT TO SECTIONS 1504, 1515, 1517, 1520
AND 1521 OF THE BANKRUPTCY CODE**

I, Stuart Mackellar, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

1. I am a Partner at Zolfo Cooper, P.O. Box 4571, 2nd Floor, Palm Grove House, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands, VG 1110. I am a licensed insolvency practitioner under the British Virgin Islands Insolvency Act 2003 (as amended) (the "Insolvency Act").

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, if any, are: Midway United Limited, a non-U.S. Debtor (6357) and Glan Worldwide Limited (a non-U.S. Debtor that does not maintain a U.S. federal tax identification number). The Debtors' service address is: Zolfo Cooper, P.O. Box 4571, 2nd Floor, Palm Grove House, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands, VG 1110, Attn: Stuart Mackellar.

2. I submit this declaration (the "Declaration") in support of the petition of Midway United Limited ("Midway") and Glan Worldwide Limited ("Glan," together with Midway, the "Debtors" or the "Companies") under Chapter 15 (the "Chapter 15 Petition") of Title 11 of the United States Code (the "Bankruptcy Code") for recognition of the foreign proceeding pending before the Eastern Caribbean Supreme Court in the High Court of Justice, Virgin Islands, Commercial Division (the "BVI Court") where the Debtors are being liquidated (the "BVI Proceeding"), as a "foreign main proceeding" pursuant to Sections 1515 and 1517 of the Bankruptcy Code.

3. I am an individual over the age of 18 and, if called upon, could testify to all matters set forth in this Declaration. Except as otherwise indicated, all facts set forth in this Declaration in support of the Debtors' Chapter 15 Petition are based upon my personal knowledge, information supplied to me or learned from my review of relevant documents, or upon my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth herein.

### I. Background Relating to the Debtors

4. Midway is a company which was incorporated in the BVI on May 24, 2006. The registered office of Midway is located at Blenheim Corporate Services Limited, 125 Main Street, P.O. Box 144, Road Town, Tortola, British Virgin Islands. Midway is owned by two BVI companies, each owning 50% of Midway's equity interests, namely Brodick Worldwide Limited ("Brodick") and Midway Pacific Resources (BVI) Limited ("MPRL"). The register of MPRL suggests that MPRL was a joint venture between various United States and Russian entities.

Upon information and belief, the principal Russian managers of MPRL were Sergey Taruta and Alexandr Katunin.

5.  Glan is a company which was incorporated in the BVI on April 28, 2006. The registered office of Glan is located at Trident Trust Company (BVI) Ltd., P.O. Box 146, Trident Chambers, Road Town, Tortola, British Virgin Islands. Midway is the sole shareholder of Glan and holds 100% of Glan's equity interests.

6.  On November 29, 2010 and December 15, 2011, respectively, Brodick and MPRL granted a pledge under BVI law, a so-called a "share charge" (the "Midway Charge"), in favor of JSC VTB Bank ("VTB") with respect to their shares of Midway, as security for all present and future obligations of Eniseisky Plywood Mill LLC (the "Borrower"), a company incorporated under the laws of the Russian Federation, in connection with various facility agreements governed by Russian law (the "Facility Agreements"). The Borrower was involved in the manufacture of wood in the Russian Federation and approximately 99.268% of the Borrower's shares were held by Glan. The remainder of the Borrower's shares was held by VTB.

7.  On December 15, 2011, Midway granted a pledge under BVI law (the "Glan Charge," together with the Midway Charge, the "Charges") in favor of VTB with respect to Midway's shares of Glan, as security for all present and future obligations of the Borrower in connection with the Facility Agreements. A true and correct copy of the Charges is attached hereto as Exhibit A.

## II. Receivership and Liquidation

8.  The Borrower failed to repay the amounts due to VTB under the Facility Agreements and such failure triggered an event of default under the Charges.

3

9. On October 24, 2013, VTB exercised its rights under the Charges to appoint Matthew Richardson of FTI Consulting (BVI) Limited, located at Ritter House, Wickhams Cay II, P.O. Box 3486, Road Town, Tortola, British Virgin Islands, as receiver (the "Receiver") with respect to the shares of Midway and Glan.

10. During members' meetings held on June 3, 2014 for each of Midway and Glan, I was appointed as sole liquidator of the Companies by qualifying resolutions of the members of Midway and Glan, pursuant to section 159(2) of the Insolvency Act. My appointment was the result of the members of each of the Companies concluding that the Companies were insolvent, since the Companies' liabilities exceeded their assets. True and correct copies of the Certificate of Liquidators' Appointment for Midway and Glan are attached hereto as Exhibit B.

11. Since my appointment, I have been in contact with the Receiver in order to facilitate the transfer of documents, records and information related to the Companies and to obtain information relating to the Companies' background.

12. I advertised my appointment as liquidator in the *British Virgin Islands Beacon* and the *Virgin Islands Gazette* on June 12, 2014 and June 19, 2014, respectively, in accordance with the requirements of the Insolvency Act. I also contacted the registered agents of the Companies to obtain the books and records and any information available with respect to the Companies. I am now in possession of all the books and records of the Companies available from the registered agents.

13. On June 24, 2014, I convened creditors' meetings of the Companies at the offices of Zolfo Cooper in accordance with the Insolvency Act. Currently, there are two known creditors with respect to Midway: VTB and Blenheim Corporate Services Limited ("Blenheim") and two known creditors with respect to Glan, VTB and Trident Trust Company (BVI) Ltd.

4

("Trident"). VTB was represented at the meetings during which my appointment as liquidator of each of the Companies was ratified.

14. On July 11, 2014, I issued the First Report to the creditors of the Companies in accordance with my statutory duties under the Insolvency Act. A true and correct copy of the First Report for each of Midway and Glan (together, the "Report") is attached hereto as Exhibit C. The Report summarizes the background of my appointment, the actions taken since my appointment and the Companies' assets identified thus far. I have also opened accounts at CIBC First Caribbean International Bank in the British Virgin Islands under the name of each of Midway and Glan (the "BVI Accounts").

15. On August 21, 2014, I filed a petition in the BVI Court seeking a declaration that I had been appointed as sole liquidator (in such capacity, the "Liquidator") of Midway and Glan under the Insolvency Act and for permission to commence a proceeding before this Court under Chapter 15 of Title 11 of the United States Code and to seek recognition of the BVI Proceeding as a foreign main proceeding. On October 27, 2014, the BVI Court granted the petition. A true and correct copy of the BVI Court's order dated as of October 27, 2014 (the "October Order") is attached hereto as Exhibit D. According to section 4 of the October Order, I was granted permission by the BVI Court to commence a proceeding before this Court under Chapter 15 of Title 11 of the United States Code and to seek recognition of the BVI Proceeding as a foreign main proceeding.

### III.   Investigations of Companies' Assets and Operations

A.   The Bank Accounts

16. Midway had two bank accounts located in the United States. One account at Citizen Bank was identified in a loan agreement between Midway and the Borrower (the "Rhode

5

Island Account"),[2] while another account at Bank of America, N.A. ("BofA") was identified on a wire transfer credit advice in connection with the payment of Blenheim's fees (the "New York Account").[3]

17. Glan's records also identify a bank account located in the United States at BofA (the "Boston Account").[4] The Boston Account was identified in documents obtained from the Receiver in connection with a debt purportedly owed to Glan by VTB Development, an affiliate of VTB.

18. I believe that it would be in the best interest of the creditors of the Companies to confirm the existence of the New York, Boston and Rhode Island accounts (together, the "Accounts"), verify any account balances and take control of the Accounts. To this end, I wrote to the respective banks informing them of my appointment and requesting that they transfer any credit balance to the BVI Accounts and provide copy statements and other information regarding the Accounts.

19. I received an initial written response from BofA stating that, in order for BofA to respond to my request, a court order had to be entered by a court in the United States and the order appointing me as the Liquidator had to be recognized in the United States.

20. On July 29, 2014, I received an additional response from BofA containing an affidavit and certain documents in response to my request, along with an account statement dated June 2014 with respect to the Boston Account, showing an account balance of US$514.74. BofA

---

[2] The information for the Rhode Island Account is as follows: (i) beneficiary name: Midway United Limited, (ii) bank name: Citizens Bank, (iii) account number: ending in 6896 and (iv) address: One Citizen's Drive, Riverside, Rhode Island.

[3] The information for the New York Account is as follows: (i) beneficiary name: Midway United Limited, (ii) bank name: Bank of America, N.A., and (iii) address: 100 33rd Street, NY, New York 10001.

[4] The information for the Boston Account is as follows: (i) beneficiary name: Glan Worldwide Limited, (ii) bank name: Bank of America, N.A., (iii) account number: ending in 3029, and (iv) address: 100 Federal Street, Boston, MA 02110.

6

provided no additional information about that account and did not indicate whether it would agree to transfer the funds to the BVI Accounts.

21. With respect of the New York Account, my staff requested that BofA provide an explanation as to why the account statements have not been provided for Midway but no response was provided. I have also completed an online application using Midway's tax ID number and address to seek information on the New York Account.

22. With respect of the Rhode Island Account, on August 19, 2014, Citizens Bank informed me verbally that the account has been closed since 2007. However, despite my request, Citizens Bank has not confirmed this information in writing or provided copies of the statements for the period the Rhode Island Account was open.

B.  Midway's Former CEO and Other Information

23. The "client of record"[5] for Midway until October 4, 2013 was a person named Trevor Larkan ("Larkan"), a South African citizen who acted as the Chief Executive Officer of Midway.[6]

24. On October 4, 2013, Larkan advised Blenheim that Midway had closed its United States office as of January 1, 2013 and that he was no longer employed by Midway on a full time basis.[7] However, Larkan suggested that he may work as a contractor for Midway in the future and that all correspondence for Midway should be addressed to: (i) Mr. Evgeniy Artemenko and (ii) Ms. Tatyana Chernysheva.[8]

---

[5] The term "client of record" is generally defined as a person who has the corporate authority to issue binding instructions on behalf of a company.

[6] Mr. Larkan's contact information as of October 27, 2009 was as follows: c/o Midway United Limited, 6 Abbot Road, Wellesley Hills, MA 02481.

[7] As of July 1, 2012, the Midway office in the United States had moved to 35 Highland Circle, Floor 1, Needham, MA 02494.

[8] The contact information provided for these individuals was as follows: (i) Mr. Evgeniy Artemenko, Krasnoyarsk, Krasnoyarsk region, 660000, Russia, and (ii) Ms. Tatyana Chernysheva, Building 1, House 43,

(continued…)

7

25. There is a reference in Midway's file to (i) a company secretary (although Blenheim did not perform this role and does not know who the company secretary was), and (ii) an entity called Osetrovsky LDK, a subsidiary of Midway. In order to find out more information about Midway's secretary and the location of Osetrovsky LDK and its value, further investigation is required.

26. With regard to Glan, Trident's client of record is identified as Nico Chranastasiades & Partners ("NCA"), a Cypriot law firm. Also, Imperium Services Limited provided corporate secretarial services on behalf of NCA and performed the role of company secretary for Glan. Glan's records also show a connection with Larkan in the form of powers of attorney granted to him on May 11, 2007 and March 11, 2008.[9] Larkan was also the sole authorised signatory on the Boston Account. I also note the Resolution of the Sole Member of Glan made on April 23, 2012 removing Alexander Belikov as sole director and appointing Evgenii Artemenko in his place. In order to locate and contact such former directors to obtain additional information about the Companies, further investigation is required.

## IV.    Events Leading to the Filing of the Chapter 15 Cases

27. Given the limited information available about the assets and operations of the Companies generally, and in light of the relationship between Midway and Glan, it would assist my investigation and help me reconstitute the affairs of the Companies, in the interest of all creditors, if I could obtain additional information and company records from parties-in-interest, including Larkan. Since, upon information and belief, some parties involved in the management of Midway and Glan may now live in the United States, if recognition of the Chapter 15 Cases is

---

Myasnitskaya Street, Moscow, Russian Federation, 103084. Their cell phone numbers and emails were also provided.

[9] The powers of attorney terminate on the earlier of a notice from Glan's board or three (3) years from the date on which they were granted.

8

granted, I intend to seek relief from this Court to be allowed to depose such individuals and request any relevant documents in their possession that may help my investigation about the operations and assets of Midway and Glan. In addition, the Companies may have causes of action against such individuals, which may be initiated after seeking relief from this Court, if recognition is granted.

28. In addition, I believe, and the responses from the United States banks confirm, that in order to obtain control of the assets of the Companies located in the United States, the Chapter 15 Cases must be filed in this Court and recognition sought to recover any available assets of the Companies located in the United States.

29. Thus, my ability to obtain information and cooperation in the United States from third party banks, officers and/or directors of the Companies can only be achieved if recognition is granted by this Court in the Chapter 15 Cases.

30. Given the evidence of assets in the United States belonging to the Companies and the location of the former Chief Financial Officer and client of record in the United States, the recognition of the Chapter 15 Cases will give me the powers necessary to take control of any United States assets, such as bank accounts, and to obtain relevant information from parties-in-interest, such as Larkan, about the affairs of the Companies.

31. Since my appointment, I have (i) liaised with my United States counsel in relation to the filing the Chapter 15 Cases, (ii) responded to inquiries from various service providers of the Companies, (iii) liaised with VTB Austria, an affiliate of VTB, to obtain details on potential accounts held by the Companies there, (iv) requested information from the law firm of Latham & Watkins LLP in its Russian office regarding their potential involvement with Midway, (v) liaised with VTB and discussed internal reports prepared by VTB regarding the potential

9

misappropriation of the loan proceeds, and (vi) generally administered the liquidation of the Companies, including by performing monthly bank reconciliations and completing regulatory case reviews which are due every six months.

32. As the largest creditor of the Companies, VTB agreed to fund the steps necessary to recover information and assets of the Companies. Prior to the filing of these Chapter 15 Cases, I wired the amount of $10,000.00 to Squire Patton Boggs (US) LLP's account at Citibank N.A., 153 East 53rd Street, New York, NY 10022. This amount is an undrawn retainer for the services to be provided by my United States' counsel on behalf of Midway and Glan.

### V. Additional Facts In Support of Chapter 15 Relief

33. To the best of my information and belief, the BVI Proceeding is a "foreign main proceeding" within the meaning of Section 1502(4) of the Bankruptcy Code, as the Debtors are headquartered and registered in BVI, and BVI is their center of main interest. As described more fully in the Verified Petition, filed contemporaneously herewith and incorporated by reference herein:

(a) The Debtors are registered in the BVI. The registered office of Midway United Limited is located at Blenheim Corporate Services Limited, 125 Main Street, P.O. Box 144, Road Town, Tortola, British Virgin Islands. The registered office of Glan Worldwide Limited is located at Trident Trust Company (BVI) Ltd., P.O. Box 146, Trident Chambers, Road Town, Tortola, British Virgin Islands.

(b) The Debtors' principal assets are located in the BVI;

(c) The Liquidator (who is now in control of the Debtors) is located in the BVI and has been managing the Debtors' affairs for approximately two (2) years; and

(d) The liquidation proceedings and most disputes related thereto will in all likelihood be subject to BVI law.

34. In addition (i) the Debtors have no management; (ii) the Liquidator has taken possession of the Debtors' books and records in the BVI and such books and records are now under his control; and (iii) the Liquidator has opened BVI Accounts for the Debtors.

35. To the best of my information and belief, the BVI Proceeding is a collective judicial proceeding in the BVI under the laws of the BVI relating to insolvency or the adjustment of debt in which the assets and affairs of the Debtors are subject to the control and supervision of the BVI Court for the purpose of reorganization or liquidation. Accordingly, I believe that the BVI Proceeding is a "foreign proceeding" within the meaning of Section 101(23) of the Bankruptcy Code.

36. To the best of my information and belief, other than these Chapter 15 Cases, the BVI Proceeding is the only insolvency proceeding of any kind pending for the Debtors and thus is the only "foreign proceeding" with respect to the Debtors within the meaning of Section 101(23) of the Bankruptcy Code.

37. To the best of my information and belief, I qualify as a "foreign representative" within the meaning of Section 101(24) of the Bankruptcy Code.

38. To the best of my information and belief, I qualify as a "person or body" under the Bankruptcy Code.

39. To the best of my information and belief, the Chapter 15 Petition meets the requirements of Section 1515 of the Bankruptcy Code.

40. Accordingly, to the best of my information and belief, this Court may enter an order granting recognition of the BVI Proceeding pursuant to Section 1517 of the Bankruptcy Code.

004-7017-1236/3/AMERICAS

I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: September 16, 2016

_____
By: Stuart Mackellar
As: Authorized Foreign Representative of the Debtors