SQUIRE PATTON BOGGS (US) LLP
Nava Hazan
30 Rockefeller Plaza, 23rd Floor
New York, NY 10112
Telephone: (212) 872-9800
Facsimile: (212) 872-9815
Email: nava.hazan@squirepb.com

*Counsel for Stuart Mackellar, in his capacity*
*as Liquidator and Foreign Representative*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) ) | **Chapter 15** |
| **MIDWAY UNITED LIMITED, *et al.*,**[1] | ) ) ) | **Case No. 16-12640-mg** |
| **Debtors in a Foreign Proceeding.** | ) ) ) ) | **(Jointly Administered)** |

## STATUS REPORT REGARDING CHAPTER 15 CASES

1.  Mr. Stuart Mackellar of AlixPartners (f/k/a Zolfo Cooper),[2] in his capacity as liquidator (the "Liquidator") and foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors") in a foreign proceeding pending before the Eastern Caribbean Supreme Court in the High Court of Justice, Virgin Islands, Commercial Division, respectfully submits this status report (the "Report") regarding these chapter 15 cases, as directed by this Court during the hearing on November 14, 2016. *See Amended Notice of Case Management Conference* filed on November 17, 2016 [Docket No. 16].

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number are: Midway United Limited, a non-U.S. Debtor (6357) and Glan Worldwide Limited, a non-U.S. Debtor (8357). The Debtors' service address is: AlixPartners, P.O. Box 4571, 2nd Floor, Palm Grove House, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands, Attn: Stuart Mackellar.

[2] On December 1, 2016, the affiliation of the professionals at Zolfo Cooper, British Virgin Islands, changed to AlixPartners, British Virgin Islands, effective immediately.

2.      A case management conference has been scheduled in these chapter 15 cases for February 16, 2017 at 10:00 a.m. (EST).

## BACKGROUND

3.      On September 16, 2016, the Foreign Representative commenced these chapter 15 cases pursuant to Section 1504 of the Bankruptcy Code by filing the *Verified Petition for Recognition of a Foreign Main Proceeding and Chapter 15 Relief Pursuant to Sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* [Docket No. 3][3] with, and accompanied by, all certifications, statements, lists and documents required by section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.[4]

4.      As explained in the *Mackellar Declaration*, the goals of the Liquidator in these chapter 15 cases are, among other things, (i) to obtain a stay of all proceedings against the Debtors and their assets, including any of the Debtors' assets located in the United States, and (ii) to allow the Liquidator to conduct discovery in the United States to obtain information and cooperation in the United States from third party banks and former officers and/or directors of the Debtors. The Foreign Representative requested this relief to facilitate the Debtors' cross-border liquidation by protecting the Debtors from the commencement or continuation of actions in the United States, whether against their United States assets or otherwise, and to assist the Liquidator in reconstituting the affairs of the Debtors and in obtaining information and cooperation in the United States from parties-in-interest.

5.      By order of this Court dated November 15, 2016 [Docket No. 14] (the "Recognition Order"), this Court (i) recognized of the BVI Proceeding as a foreign main

---

[3] Additional background regarding the Debtors is described in the *Declaration of Stuart Mackellar in Support of Chapter 15 Petition for Recognition of Foreign Main Proceeding and Chapter 15 Relief Pursuant to Sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* [Docket No. 4] (the "Mackellar Declaration").

[4] All terms not otherwise defined herein shall have the meaning ascribed to them in the *Mackellar Declaration*.

2

proceeding, (ii) recognized the Liquidator as the Debtors' foreign representative, and (iii) granted related relief under sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

6. Pursuant to the Recognition Order, the Foreign Representative, among other things, (i) was established as the representative of the Debtors with full authority to administer the Debtors' assets in the United States, (ii) was entrusted with the administration and realization of all of the Debtors' assets within the territorial jurisdiction of the United States, and (iii) was allowed to seek the examination of witnesses, the taking of evidence or the delivery of information concerning the Debtors' assets, affairs, rights, obligations or liabilities. *See* Recognition Order, ¶ 12(B), (E), and (F).

## STATUS REPORT

A.  The Bank Accounts

7. As described in the *Mackellar Declaration,* based on the information gathered in connection with the BVI Proceeding, the Foreign Representative was able to identify three (3) bank accounts for the Debtors. Midway had two bank accounts located in the United States: (i) one account at Citizens Bank ("Citizens") and (ii) one account at Bank of America, N.A. ("BofA," together with Citizens, the "Banks"). Glan's records also identified a bank account located in the United States at BofA.

8. On December 5, 2016, the Foreign Representative sent four letters via certified mail to the Banks (at all the known addresses for the Banks) to obtain all of the Debtors' bank records including, but not limited to, all bank statements and any and all other documents and records (whether in electronic form or otherwise) kept by the Banks on behalf of the Debtors in connection with the accounts known to the Foreign Representative and any other accounts relating to the Debtors.

3

9.   After numerous telephonic requests to determine the appropriate department and contact person at each of the Banks, on December 16, 2016 and December 20, 2016, the Foreign Representative faxed the same letters to various departments and individuals at each of the Banks. The faxes were followed by additional telephonic requests to determine the appropriate contact person at each of the Banks.

10.  On January 12, 2017, Bofa send the following information and documents to the Foreign Representative:

- A list of the bank accounts for the Debtors, which shows that Midway actually had four (4) accounts at Bofa[5] and Glan had one (1) account at Bofa;
- The signature card with respect to 4 of the 5 accounts;
- All the monthly bank statements for 4 of the 5 accounts starting in 2009 through the closing of each account;[6] and
- The amounts remaining in the accounts.[7]

11.  The following additional information was requested from Bofa:

- The signature card with respect to the account ending in 5756;
- All the monthly bank statements for the account ending in 5756; and
- All the monthly bank statements for all accounts starting in 2007, the date some of the accounts were opened.[8]

12.  Bofa agreed to provide the additional information to the Foreign Representative (which is expected to be received on or about February 10, 2017) and to transfer the amount remaining in the Glan account to the Foreign Representative.

13.  With respect to the Citizens account, based on numerous telephonic conversations with various individuals at Citizens, the Foreign Representative was informed that the account

---

[5] The last four numbers of the bank accounts for Midway at Bofa are 5756, 2978, 3016 and 3307. The last four numbers of the bank account for Glan at Bofa are 3329.

[6] The monthly bank statements received so far contain more than 800 pages.

[7] The remaining amount was in Glan's account at Bofa and totals $498.74.

[8] Bofa informed the Foreign Representative that it has a retention policy of seven (7) years but has the ability to retrieve any information beyond the seven (7) years through another document request called "Past Retention Statements."

4

was a checking account, which was closed more than seven (7) years ago. Citizens also informed the Foreign Representative that (i) Citizens has a retention policy of seven (7) years and was not able to find any information with respect to the account, and (ii) Citizens does not have the ability to retrieve any information beyond the seven-year period.

B.    Midway's Former Management and Other Information

14.    As described in the *Mackellar Declaration,* a person named Trevor Larkan ("Larkan"), a South African citizen, acted as the Chief Executive Officer of Midway. Upon information and belief, some parties involved in the management of the Debtors, including Larkan, may now live in the United States. Once the review and analysis of the bank statements has been completed, the Foreign Representative intends to send a letter via certified mail to Larkan requesting that Larkan provides to the Foreign Representative, as soon as possible, any and all information concerning the Debtors' assets, affairs, rights, obligations or liabilities that is in Larkan's possession, including but not limited to, any and all documents, communications and records (whether in electronic form or otherwise) kept by Larkan concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

15.    Additional research was conducted by the Foreign Representative to find any publically available information with respect to the Debtors, such as Hoover's reports, other business reports and addresses reports.[9]

16.    Some of the information obtained showed that the addresses where the Debtors' business was located were (i) 35 Highland Circle, Needham Heights, MA 02494-3099, (ii) 6 Abbott Road, Wellesley Hills, MA 02481-7517, and (iii) 57 River Street, Wellesley Hills, MA 02481-2039. Based on the addresses and additional research, the Foreign Representative was

---

[9] Based on the signature card received by Bofa, the Foreign Representative was provided with Glan's Employer Identification Number, the last four numbers of which are 6357, and the Foreign Representative is in the process of researching all publically available information with respect to Glan based on such information.

able to find the purported owner of the property at such addresses (the "Owners").  On February 1, 2017 and February 7, 2017, five letters were sent via certified mail to the Owners (at all the known addresses for the Owners) and the Foreign Representative requested that the Owners provide to the Foreign Representative, as soon as possible, all of the Debtors' records that the Owners have in their possession, including, but not limited to, lease agreements and any and all other documents and records (whether in electronic form or otherwise) kept by the Owners relating to the Debtors.  No information from the Owners has been received as of the date of this Report.

17. The Foreign Representative is in the process of reviewing all the information received from Bofa, will review the additional information to be received from Bofa, and will review the information from the Owners and Larkan, when received.

18. The Foreign Representative will submit another status report at any date deemed appropriate by this Court to continue to apprise the Court of all developments in these chapter 15 cases.

Dated:  February 9, 2017
        New York, New York

                                    Respectively submitted,

                                    SQUIRE PATTON BOGGS (US) LLP
                                    By: */s/ Nava Hazan*
                                    Nava Hazan
                                    30 Rockefeller Plaza, 23rd Floor
                                    New York, NY 10112
                                    Telephone: (212) 872-9800
                                    Facsimile: (212) 872-9815
                                    Email: nava.hazan@squirepb.com

                                    *Counsel for Stuart Mackellar, in his capacity as Liquidator and Foreign Representative*